UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLE LYNN STENSON,<br><br>                               Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                               Defendant. | Case No.: 20-cv-1521-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, filed by Plaintiff Camille Lynn Stenson. (ECF No. 22).

**I.   BACKGROUND**

    On August 6, 2020, Plaintiff Camille Lynn Stenson filed a Complaint against the Commissioner of Social Security ("Commissioner"), seeking judicial review of the final decision of the Commissioner denying Plaintiff's application for Social Security benefits for lack of disability. (ECF No. 1). On June 8, 2021, the parties filed a Joint Motion for Voluntary Remand and Entry of Judgment. (ECF No. 19). On June 11, 2021, the Court issued an Order remanding the case to the Commissioner for further proceedings and directing the Clerk of the Court to enter a final judgment in favor of Plaintiff and against

the Commissioner. (ECF No. 20). On the same day, the Clerk of the Court entered final judgment in favor of Plaintiff and against the Commissioner, reversing the final decision of the Commissioner. (ECF No. 21).

On September 8, 2021, Plaintiff filed a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 22). Plaintiff requests that the Court issue an order awarding attorneys' fees in the amount of $5,977.95 and expenses in the amount of $17.25. The docket reflects that the Commissioner has not filed any opposition to the Motion for Attorney Fees.

## II. DISCUSSION

Plaintiff contends that she is a prevailing party within the meaning of the EAJA because "the District Court remanded the case under sentence four [of] 42 U.S.C. § 405(g)." (ECF No. 22-1 at 2). Plaintiff contends that her net worth did not exceed $2,000,000.00 when this action was filed, and "[t]he position of the United States was not substantially justified." (*Id.*). Plaintiff contends that she is entitled to EAJA fees for: (1) 2.4 hours of attorney work at a rate of $207.78 per hour for 2020; (2) 21.6 hours of attorney work at a rate of $213.74 per hour for 2021; (3) 6.9 hours of paralegal work at a rate of $125.00 per hour; and (4) $17.25 for the cost of the certified mailing of the summons and Complaint. Plaintiff submitted a Declaration by Plaintiff, a Declaration by Plaintiff's attorney, and an itemization of services and costs in support of the Motion for Attorney Fees.

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

2

20-cv-1521-WQH-RBB

28 U.S.C. § 2412(d)(1)(A). The requirements for eligibility for a fee award under § 2412(d)(1)(A) are: (1) the claimant must be a "prevailing party;" (2) the government's position must not have been "substantially justified;" (3) there must be no "special circumstances [that] make an award unjust;" and (4) a fee application must be submitted to the court within thirty days after the judgment became final and unappealable and be supported by an itemized statement. *Comm'r of Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

"The party seeking fees has the burden of establishing its eligibility." *Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991). However, "the burden of proving the special circumstances or substantial justification exception to the mandatory award of fees under the EAJA rests with the government." *Id.* at 1495. Fees awarded pursuant to the EAJA must be reasonable, and the party seeking such fees bears the burden of proving that the fees and hourly rate requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (it is plaintiff's burden to document "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked"). District courts have discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party. *Gates*, 987 F.2d at 1398.

In this case, Plaintiff was the prevailing party, and the Motion for Attorney Fees was timely filed. The Commissioner has not contested Plaintiff's assertion that its position was not substantially justified within the meaning of the EAJA or asserted that special circumstances make an award unjust. Plaintiff submitted two Declarations and a detailed itemization of hours expended in connection with this action. The Court concludes that the uncontested number of hours, rates, and costs asserted by Plaintiff are reasonable. The Court awards Plaintiff the requested fees of $5,115.45 and costs of $17.25.

///
///
///

## III. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 22) is granted. Plaintiff is entitled to an award of $5,977.95 in attorneys' fees and $17.25 in costs, totaling $5,995.20. If Plaintiff owes a debt that qualifies under the Treasury Offset Program (31 U.S.C. § 3716), payment shall be made payable to Plaintiff. If Plaintiff owes no debt subject to offset, payment shall be made payable to Olinsky Law Group. Payment shall be mailed to the following address:

> Olinsky Law Group EIN 26-2258247
> 250 S Clinton St Ste 210
> Syracuse NY 13202

Dated: October 26, 2021

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court